IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| CENTRAL CREDIT SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

### I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereafter the "FDCPA") and other state laws. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4.  Plaintiff David Johnson is an adult individual residing in Boulder Junction, WI, 54512.

5.  Defendant Central Credit Services, Inc. is a business entity which regularly conducts business in the Eastern District of Pennsylvania, with its principal office located at

9550 Regency Square Boulevard, Suite 500, Jacksonville, FL 32225.  The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## IV.  **FACTUAL ALLEGATIONS**

6. At all pertinent times hereto, Defendant was hired to collect a debt owed by Stuart Peterson (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all times material hereto, Plaintiff did not owe the debt to Defendant.

9. In or around September 2010, Defendant contacted the Plaintiff using an automatic telephone dialing system and/or artificial and/or prerecorded voice technology to coerce payment of the debt, with the intent to annoy, abuse or harass Plaintiff.  Defendant identified itself and disclosed it was collecting a debt allegedly owed by a "Stuart Peterson."

10. Thereafter, Plaintiff called Defendant and stated that he was not responsible for the debt, that he was not Stuart Peterson and that the Defendant should cease contacting him telephonically or otherwise attempting to collect the debt from him.  Defendant again disclosed to Plaintiff that it was attempting to collect a debt owed by a "Stuart Peterson."

11. Notwithstanding the above, Defendant continued to contact the Plaintiff for approximately four more months, multiple times per week to coerce payment of the debt, with the intent to annoy, abuse or harass Plaintiff.  Every time Plaintiff spoke with a representative of Defendant, he stated he was not the debtor, he was not responsible for the debt, and he did not want to be contacted by telephone again.

12. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with persons other than the debtor about information other than debtor's location.

13. The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and disclosing the debt to a non-debtor.

14. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer on more than one occasion.

15. Defendant acted in a false, deceptive, misleading, and unfair manner by communicating with persons other than the debtor, without the debtor's consent.

16. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

17. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

18. The Defendant acted in a false, deceptive, misleading and unfair manner when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt

19. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions into compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, invasion of privacy, and emotional and mental pain and anguish that he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## V. FIRST CLAIM FOR RELIEF- VIOLATIONS OF THE FDCPA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26. The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

27. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692d(5), 1692e(2)(A), 1692e(10), and 1692f as evidenced by the following conduct:

    (a) communicating with persons other than the consumer about information other than consumer's location;

(b) Disclosing the debt to persons other than the consumer;

(c) Communicating with persons other than the consumer on more than one occasion;

(d) Communicating with persons other than the consumer without the consumer's consent;

(e) Causing the telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

(f) Falsely representing the amount, character or legal status of the debt; and

(g) Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

28.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

29.   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## VI.  SECOND CLAIM FOR RELIEF - INVASION OF PRIVACY

30.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31.   Defendant invaded the privacy of Plaintiff by unreasonably intruding upon his seclusion by repeatedly contacting Plaintiff after being repeatedly told that Plaintiff is not the debtor and that Plaintiff did not want to be contacted further by Defendant.

32.   The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are

outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## VII.  JURY TRIAL DEMAND

33. Plaintiff demands trial by jury on all issues so triable.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Other further relief that may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:  */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: September 30, 2011                    Attorneys for Plaintiff